Hope Pordy
Elizabeth Sprotzer
SPIVAK LIPTON LLP
1700 Broadway
New York, New York 10019
Tel: (212) 765-2100
Fax: (212) 541-5429
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GELASIO ESPINOBARROS GALVEZ, SALVADOR GALVEZ GARCIA, EUGENIO LUNA REYES, PLACIDO GALVEZ NARVAEZ, VICENTE GALINDO, and ALEXANDER HERNANDEZ VICENTE,<br><br>                              Plaintiffs,<br><br>              v.<br><br>800 GINZA SUSHI INC. d/b/a GINZA JAPANESE RESTAURANT, XIU LAN HUANG, and CHUN YONG CHEN,<br>                              Defendants. | **COMPLAINT and JURY DEMAND** |

Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia, Eugenio Luna Reyes, Placido Galvez Narvaez, Vicente Galindo, and Alexander Hernandez Vicente ("Plaintiffs"), individually and on behalf of other similarly-situated employees through their attorneys, Spivak Lipton LLP, allege as follows:

### NATURE OF ACTION

1.    This action seeks monetary, declaratory and injunctive relief to redress violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; the New York Labor Law ("NYLL"), §§ 190, 650 et seq.; and supporting regulations.  Defendants have willfully

1

engaged in violations of the FLSA and NYLL by: (a) failing to pay Plaintiffs and other similarly-situated employees wages at the minimum hourly rate required under federal and state law, (b) failing to pay Plaintiffs and other similarly-situated employees overtime compensation at one and one-half times their regular rate of pay for time worked in excess of 40 hours, (c) making unlawful deductions from Plaintiffs' wages and receiving a "kickback" because Plaintiffs were required to purchase and maintain bicycles and accessories, (d) failing to pay Plaintiffs and other similarly-situated employees "spread of hours pay" as required by N.Y. Comp. Codes R. & Regs tit. §142-2.4, or alternatively, N.Y. Comp. Codes R. & Regs tit. § 146-1.6, for each day of work which Plaintiffs and other similarly-situated employees' spread of hours exceeded ten, and (e) failing to provide wage notices and wage statements as required by NYLL §§ 195(1) and 195(3).

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the FLSA claims of Plaintiffs and any other similarly-situated employees pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

3.      Pursuant to 29 U.S.C. § 216(b), Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia, Eugenio Luna Reyes, Placido Galvez Narvaez, Vicente Galindo, and Alexander Hernandez Vicente have consented in writing to become a party to this lawsuit. Plaintiffs' executed consent forms are attached hereto as **Exhibit A**.

4.      This Court has jurisdiction over the NYLL claims of Plaintiffs and other similarly-situated employees pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to the FLSA claims of Plaintiffs and other similarly-situated employees as to form parts of the same case or controversy under Article III of the United States Constitution.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

### Plaintiffs

7.      Plaintiff Gelasio Espinobarros Galvez is an adult individual residing in Bronx, New York. He was employed at Ginza Japanese Restaurant, a restaurant located at 800 Lexington Avenue, New York, New York, 10065, from in or around September 2014 until in or around January 2018.

8.      Plaintiff Salvador Galvez Garcia is an adult individual residing in Bronx, New York. He was employed at Ginza Japanese Restaurant, located at 800 Lexington Avenue, New York, New York, 10065, from in or around January 2015 until in or around March 2017.

9.      Plaintiff Eugenio Luna Reyes is an adult individual residing in Bronx, New York. He has been employed at Ginza Japanese Restaurant, located at 800 Lexington Avenue, New York, New York, 10065, from in or around October 2013 until the present.

10.     Plaintiff Placido Galvez Narvaez is an adult individual residing in Bronx, New York. He was employed at Ginza Japanese Restaurant, located at 800 Lexington Avenue, New York, New York, 10065, from in or around January 2010 to September 2012, and again from approximately February 22, 2013 until May 2018.

11.     Plaintiff Vicente Galindo is an adult individual residing in Bronx, New York. He was employed at Ginza Japanese Restaurant, located at 800 Lexington Avenue, New York, New York, 10065, from in or around March 2014 until February 7, 2016.

12.     Plaintiff Alexander Hernandez Vicente is an adult individual residing in Manhattan, New York. He was employed at Ginza Japanese Restaurant, located at 800 Lexington Avenue, New York, New York, 10065, from in or around December 15, 2017 until August 31, 2019.

**Defendants**

13.     Defendant 800 Ginza Sushi Inc. d/b/a Ginza Japanese Restaurant ("Ginza") is a restaurant located at 800 Lexington Avenue, New York, New York, 10065. Ginza is a domestic business corporation registered as doing business in New York, with its principal office listed in New York, NY.

14.     Xiu Lan Huang is a chief executive officer, owner, principal and/or manager of Ginza.

15.     Chun Yong Chen is a chief executive officer, owner, principal and/or manager of Ginza.

16.     Upon information and belief, Defendant Chun Yong Chen is also known as "Jacky."

17.     Upon information and belief, Ginza is an enterprise engaged in commerce in that it (i) has had employees engaged in commerce or in the production of goods for commerce or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000 exclusive of excise taxes.  29 U.S.C. § 203(s)(1)(A).

4

**Owner/Operator Defendants**

18.    Upon information and belief, Defendant Xiu Lan Huang owns all or part of Ginza.

19.    Upon information and belief, Defendant Chun Yong Chen owns all or part of Ginza.

20.    Xiu Lan Huang is sued individually in his capacity as employer.

21.    Chun Yong Chen is sued individually in his capacity as employer.

22.    At all relevant times, Xiu Lan Huang has directed the operation of and exercised financial control over Ginza.

23.    At all relevant times, Chun Yong Chen has directed the operation of and exercised financial control over Ginza.

24.    At all relevant times, Xiu Lan Huang has promulgated the employment policies of Ginza.

25.    At all relevant times, Chun Yong Chen has promulgated the employment policies of Ginza.

26.    At all relevant times, Xiu Lan Huang has exercised direct control over Plaintiffs' employment at Ginza, by directing the work of Plaintiffs and other similarly-situated employees, overseeing the computation and distribution of the wages of Plaintiffs and other similarly-situated employees and the making of employee schedules.

27.    At all relevant times, Chun Yong Chen has exercised direct control over Plaintiffs' employment at Ginza, by directing the work of Plaintiffs and other similarly-situated employees, overseeing the computation and distribution of the wages of Plaintiffs and other similarly-situated employees and the making of employee schedules.

28.     At all relevant times, Xiu Lan Huang has had the power to hire and fire Plaintiffs and other similarly-situated employees at Ginza.

29.     At all relevant times, Chun Yong Chen has had the power to hire and fire Plaintiffs and other similarly-situated employees at Ginza.

30.     At all relevant times, Defendant Xiu Lan Huang has had the power to control the terms and conditions of the employment of Plaintiffs and other similarly-situated employees at Ginza, including the hours of work, meals, breaks and duties.

31.     At all relevant times, Defendant Chun Yong Chen has had the power to control the terms and conditions of the employment of Plaintiffs and other similarly-situated employees at Ginza, including the hours of work, meals, breaks and duties.

32.     At all relevant times, Defendant Xiu Lan Huang has had the power to determine or change the rate and methods of compensation of Plaintiffs and other similarly-situated employees at Ginza.

33.     At all relevant times, Defendant Chun Yong Chen has had the power to determine or change the rate and methods of compensation of Plaintiffs and other similarly-situated employees at Ginza.

34.     At all relevant times, Defendant Xiu Lan Huang has had the power to maintain employment records concerning Plaintiffs and other similarly-situated employees and to comply with wage and hour laws at Ginza.

35.     At all relevant times, Defendant Chun Yong Chen has had the power to maintain employment records concerning Plaintiffs and other similarly-situated employees and to comply with wage and hour laws at Ginza.

## STATEMENT OF FACTS

36.    At all relevant times, Defendants were employers of Plaintiffs and other similarly-situated employees within the meaning of the FLSA, the NYLL and supporting regulations. 29 U.S.C. § 203(d), N. Y. Lab. Law §§ 190(3) and 651(6).

37.    At all relevant times, Plaintiffs and other similarly-situated employees were employees of and employed by Defendants, and Plaintiffs and other similarly-situated employees were permitted to work by Defendants within the meaning of the FLSA and NYLL.  29 U.S.C. § 203(e), and NYLL § 651(5).

38.    All of the work performed by Plaintiffs and other similarly-situated employees was assigned, required and/or permitted by Defendants.

39.    At all relevant times, Defendants have failed to keep full and accurate records of Plaintiffs' hours and wages as required by the FLSA, 29 C.F.R. § 516.5 to 516.6 and NYLL, N.Y. Comp. Codes R & Regs. Tit. 12, § 146-2.1.

40.    During their periods of employment as described above in paragraphs 7 to 12, Plaintiffs and other similarly-situated employees were employed by Defendants to work six days per week, approximately 60 to 70 hours each week. Plaintiffs were paid below the minimum wage at all relevant times.

41.    Although Plaintiffs and other similarly-situated workers were required, and suffered and permitted, to work approximately 60 to 70 hours per week, they received no overtime compensation for hours worked in excess of 40 hours per week.

42.    Throughout his employment, Plaintiff Gelasio Espinobarros Galvez worked from approximately 10:30 a.m. to 9:30 p.m. on Tuesday, Wednesday and Thursday, from approximately 11:30 a.m. to 11:30 p.m. on Friday and Saturday, and from approximately 5:00

p.m. to 11:00 p.m. on Sunday.  At all relevant times, Defendants paid Plaintiff Gelasio Espinobarros Galvez $600 every two weeks, the equivalent of about $4.75 per hour for the 63 hours worked per week.

43.    Throughout his employment, Plaintiff Salvador Galvez Garcia worked from approximately 10:30 a.m. to 9:30 p.m. on Sunday, Monday and Tuesday, from approximately 11:30 a.m. to 11:00 p.m., on Wednesday and Thursday, and from approximately 10:30 a.m. to 3:00 p.m. or 4:00 p.m. on Friday.  At all relevant times, Defendants paid Plaintiff Salvador Galvez $600 every two weeks, the equivalent of about $4.90 per hour for the 61 hours worked per week.

44.    Throughout his employment, Plaintiff Eugenio Luna Reyes worked from approximately 10:00 a.m. to 9:30 or 10:00 p.m. on Monday, Tuesday, Wednesday, Thursday, Friday and Sunday.  From the beginning of his employment in October 2013 until approximately June 2019, Defendants paid Plaintiff Eugenio Luna Reyes $525 every two weeks, the equivalent of about $3.80 per hour for the 69 hours worked per week.   From approximately June 2019 to the present, Defendants have paid Plaintiff Eugenio Luna Reyes $60 per day, the equivalent of approximately $5.22 per hour.

45.    Throughout his employment, Plaintiff Vicente Galindo worked from approximately 10:30 a.m. to 9:30 p.m. on Monday through Friday, and from approximately 5:00 p.m. to 11:00 p.m. on Sunday.  At all relevant times, Defendants paid Plaintiff Vicente Galindo $500 every two weeks, the equivalent of about $4.10 per hour for the 61 hours worked per week.

46.    Throughout his employment, Plaintiff Alexander Hernandez Vicente worked from approximately 10:00 a.m. to 9:00 p.m. on Monday, Tuesday and Wednesday and from

approximately 11:30 a.m. to 11:00 p.m. on Thursday, Friday and Saturday. From the beginning of his employment in December 2017 to May 2019, Defendants paid Plaintiff Alexander Hernandez Vicente $550 every two weeks, the equivalent of about $4.10 per hour for the 67.5 hours worked per week. From May 2019 to August 31, 2019, Defendants paid Plaintiff Alexander Hernandez Vicente $600 every two weeks, the equivalent of about $4.44 per hour.

47.     Throughout his employment, Plaintiff Placido Galvez Narvaez worked from approximately 12:00 p.m. to 11:00 p.m. or 12:00 a.m. from Monday through Saturday. From approximately 2010 to 2012, Defendants paid Plaintiff Placido Galvez Narvaez $800 every two weeks. From approximately 2013 to January 2018, Defendants paid Plaintiff Narvaez $1,000 every two weeks, the equivalent of approximately $7.50 per hour. From approximately January 2018 to the end of his employment in May 2018, Defendants paid Plaintiff Narvaez $1,040 every two weeks, the equivalent of approximately $7.80.

48.     Defendants paid Plaintiffs in cash throughout their employment.

49.     Throughout their employment, Defendants did not provide Plaintiffs and other similarly-situated workers with designated meal breaks and they did not take 30 minute meal breaks.

50.     Defendants assigned Plaintiff Placido Galvez Narvaez and other similarly situated dishwasher employees to wash dishes, unload supplies and stock food in the kitchen and basement.

51.     Defendants assigned Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia, Eugenio Luna Reyes, Vicente Galindo, and Alexander Hernandez Vicente Garcia and other similarly-situated employees to perform various duties throughout the work day,

including but not limited to delivering food orders, preparing soups and salads, cutting vegetables and fruit, peeling shrimp, sweeping, mopping, cleaning floors, taking out trash, washing dishes, and preparing sauces.

52.     On each day that Plaintiffs and other similarly-situated employees worked (other than Placido Galvez Narvaez and similar dishwasher employees), they only received tips when they delivered food to customers.

53.     On each day that Plaintiffs and other similarly-situated employees worked (other than Placido Galvez Narvaez and similar dishwasher employees), they did not receive tips for any other assigned duties that they performed, including but not limited to delivering food orders, preparing soups and salads, cutting vegetables and fruit, peeling shrimp, sweeping, mopping, cleaning floors, taking out trash, washing dishes, and preparing sauces.

54.     The non-tipped duties performed by Plaintiffs and other similarly-situated employees (other than Placido Galvez Narvaez and similar dishwasher employees) were not related to or incidental to the delivery of food or other direct customer service.

55.     On each day that Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia, Eugenio Luna Reyes, Vicente Galindo, and Alexander Hernandez Vicente Garcia and other similarly-situated employees worked, they spent a substantial amount of time, more than 20% per shift, or alternatively, two hours or more per shift, performing non-tipped duties.

56.     As a condition of their employment, Defendants required Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia, Eugenio Luna Reyes, Vicente Galindo, and Alexander Hernandez Vicente Garcia and other similarly-situated employees to purchase and maintain bicycles, and accessories, including but not limited to vests, helmets, and locks, for use in making deliveries.

57.     The use of bicycles by Plaintiffs and other similarly-situated employees to make deliveries inured to the benefit of Defendants.

58.     Defendants did not reimburse Plaintiffs and other similarly-situated employees for any expenses incurred in making deliveries by bicycle, including but not limited to the purchase of bicycles, vests, helmets, locks, repairs and maintenance.

## FACTUAL ALLEGATIONS IN SUPPORT OF CERTIFICATION OF A COLLECTIVE ACTION PURSUANT TO FLSA, 29 U.S.C. § 216(B)

### Similarly Situated Plaintiffs

59.     In addition to Plaintiffs Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia, Eugenio Luna Reyes, Vicente Galindo, and Alexander Hernandez Vicente Garcia other individuals have been employed at Ginza and subjected to the same terms and conditions of employment as Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia, Eugenio Luna Reyes, Vicente Galindo, and Alexander Hernandez Vicente Garcia.

60.     Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia, Eugenio Luna Reyes, Vicente Galindo, and Alexander Hernandez Vicente Garcia and all similarly-situated employees at Ginza seek certification of this action as a collective action on behalf of all similarly-situated employees and former employees of Defendants Ginza, Xiu Lan Huang and Chun Yong Chen pursuant to 29 U.S.C. § 216(b).

61.     In addition to Plaintiff Placido Galvez Narvaez, other individuals have been employed as dishwashers at Ginza and subjected to the same terms and conditions of employment as Plaintiff Placido Galvez Narvaez.

62.     Plaintiff Placido Galvez Narvaez and all dishwashers similarly situated at Ginza seek certification of this action as a collective action on behalf of all similarly-situated employees and former employees of Defendants Ginza, Xiu Lan Huang and Chun Yong Chen

pursuant to 29 U.S.C. § 216(b).

## KNOWING AND INTENTIONAL ACTS

63.     Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

64.     Defendants did not inform Plaintiffs and other similarly-situated employees of the provisions of Section 3(m) of the FLSA, 29 U.S.C. § 203(m), or explain to Plaintiffs and other similarly-situated employees the method used by Defendants to calculate the wages of Plaintiffs and other similarly-situated employees, and otherwise provide proper notice pursuant to N.Y. Comp. Codes R. & Regs. tit. §§ 146-1.3, 146.-2.2.

65.     At all relevant times, Defendants failed to pay Plaintiffs and other similarly-situated employees at the minimum hourly rate under the FLSA and/or the NYLL for all hours worked.

66.     At all relevant times, Defendants failed to pay Plaintiffs and other similarly-situated employees overtime pay for hours they worked in excess of forty in a week at the appropriate rate under the FLSA and/or the NYLL.

67.     At all relevant times, Defendants failed to pay Plaintiffs and other similarly-situated employees spread of hours pay for each day of work that exceeded ten hours under the N.Y. Comp. Codes R. & Regs. tit. §§ 142-2.4, 146-1.6.

68.     Defendants have knowingly, intentionally and willfully committed the acts alleged herein.

69.     Defendants have not acted in good faith.

70.     Defendants have known that the nonpayment of minimum wage, overtime pay and spread of hours pay would financially injure Plaintiffs and other similarly-situated employees.

71.     The regulations promulgated under the FLSA and the NYLL require an employer to maintain in the workplace a conspicuous display containing notices of employees' rights to receive the minimum wage and overtime at the rate of one-and-one-half times their regular rate of pay.  29 C.F.R. § 516.4; 12 N.Y. Comp. Codes R. & Regs. tit. § 146-2.4.  Defendants did not maintain in the workplace a conspicuous display containing notices of employees' right to receive the minimum wage and overtime pay at all times and in Defendants' restaurant.

72.     Defendants have known that Plaintiffs and other similarly-situated employees do not read English.

73.     Defendants did not maintain in the workplace a conspicuous display containing Spanish-language notices of employees' right to receive the minimum wage and overtime pay at all times and in Defendants' restaurant.

74.     Defendants did not provide Plaintiffs at the time of hiring with a written statement of their hourly rate of pay, overtime rate of pay, and regular pay day.

**FIRST CAUSE OF ACTION (FLSA: MINIMUM WAGE VIOLATION)**

75.     Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

76.     At all relevant times, Section 6 of the FLSA, 29 U.S.C. § 206, required Defendants to pay a minimum hourly wage to Plaintiffs and other similarly-situated employees.

77.     At all relevant times Defendants were not entitled to take a tip credit with respect
to any of the wages of Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia,
Eugenio Luna Reyes, Vicente Galindo, and Alexander Hernandez Vicente Garcia and all
similarly-situated and other similarly-situated employees because they failed to inform these
Plaintiffs and other similarly-situated employees of the FLSA's requirements related to the tip
credit and failed to advise Plaintiffs and other similarly-situated employees of the manner in
which Defendants were calculating the wages of Plaintiffs and other similarly-situated
employees.  29 U.S.C. § 203(m), 29 C.F.R. § 516.4.

78.     Defendants were not entitled to take a tip credit with respect to the wages of
Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia, Eugenio Luna Reyes,
Vicente Galindo, and Alexander Hernandez Vicente Garcia and all similarly-situated
employees because they assigned non-tipped duties for a substantial portion of their shifts. 29
U.S.C. § 203(m) and (t); 29 C.F.R. §§ 516.28, 531.56(e), 531.59.

79.     Throughout their employment, Defendants failed to pay Plaintiffs and other
similarly-situated employees the applicable minimum hourly wage for every hour in each
week that Plaintiffs and other similarly-situated employees worked, in violation of Section 6
of the FLSA, 29 U.S.C. § 206.

80.     Defendants' failure to pay Plaintiffs and other similarly-situated employees the
proper minimum wage violates 29 U.S.C. § 201 et seq.

81.     Defendants' FLSA violations were willful within the meaning of 29 U.S.C. §
255(a).

82.     Plaintiffs and other similarly-situated employees have been damaged in an
amount as yet undetermined plus liquidated damages.

**SECOND CAUSE OF ACTION (FLSA: OVERTIME VIOLATION)**

83.     Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

84.     The FLSA requires that Defendants pay overtime at a rate of one-and-one-half times the regular rate of pay for each hour of work over forty hours in a week.  29 U.S.C. § 207.

85.     Defendants did not pay Plaintiffs and other similarly-situated employees overtime pay for the hours they worked in excess of forty in a week.

86.     Defendants' failure to pay Plaintiffs and other similarly-situated employees overtime for each hour worked over forty in a week violates 29 U.S.C. § 201 et seq.

87.     Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

88.     Plaintiffs and other similarly-situated employees have been damaged in an amount as yet undetermined plus liquidated damages.

**THIRD CAUSE OF ACTION (N.Y. LAB. LAW: MINIMUM WAGE)**

89.     Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

90.     At all times relevant to this action, the NYLL § 652 required employers in the restaurant industry to pay a minimum hourly wage.  N.Y. Comp. Codes R. & Regs tit. 12, § 137-1.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.2 (2010), and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.2.

91.     At all times relevant to this action, Defendants were not entitled to the tip allowance or tip credit with respect to any of Plaintiffs' and other similarly-situated employees' wages because they failed to inform Plaintiffs and other similarly-situated employees of their intention to take advantage of the tip credit and failed to provide Plaintiffs and other similarly-situated employees with a statement of allowances and credits claimed with every payment of wages.  N.Y. Comp. Codes R. & Regs tit. 12 § 137-2.2, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-1.3, 2.2, 146-2.4 (2010), and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-1.3, 146-2.2.

92.     At all times relevant to this action, Defendants were not entitled to the tip allowance or tip credit with respect to any of the wages of Plaintiffs and other similarly-situated employees because Plaintiffs and other similarly-situated employees were not "service employees" within the meaning of N.Y. Comp. Codes R. & Regs tit. 12 § 146-3.3 in that each day that Plaintiffs and other similarly-situated employees worked Defendants assigned Plaintiffs and other similarly-situated employees to work in an occupation in which tips are not customarily received for more than 2 hours or for more than 20% of Plaintiffs' and other similarly-situated employees' shift.  N.Y. Comp. Codes R. & Regs tit. 12 § 137.3.3, as amended effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-2.9, 146-3.3 (2010) and as amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-2.9, 146-3.3 (2016).

93.     Throughout their employment, Defendants failed to pay Plaintiffs and other similarly-situated employees the applicable minimum hourly wage for every hour in each week that Plaintiffs and other similarly-situated employees worked, in violation of N.Y. Lab.

Law § 652 and N.Y. Comp. Codes R. & Regs. tit. 12, 137-1.2, as amended effective January

1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, §§ 146-1.2 (2010), and as amended effective

December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.2 (2016).

94.    Said violations were not in good faith within the meaning of NYLL §§ 198.1-a

and 663.

95.    Plaintiffs and other similarly-situated employees have been damaged in an

amount as yet undetermined plus liquidated damages.

### FOURTH CAUSE OF ACTION (N.Y. LAB. LAW: OVERTIME VIOLATION)

96.    Plaintiffs and other similarly-situated employees repeat and reallege all of the

paragraphs above.

97.    The NYLL requires that employers in the restaurant industry pay employees

overtime compensation at the rate of one and one-half times the regular rate of pay for each

hour of work over forty hours in one work week.  NYLL § 650 et seq., N.Y. Comp. Codes R.

& Regs. tit. 12, § 137-1.3, as amended effective January 1, 2011, by N.Y. Comp. Codes R. &

Regs tit. 12, § 146-1.4 (2010), and as amended effective December 31, 2016, by N.Y. Comp.

Codes R. & Regs tit. 12, § 146-1.4 (2016).

98.    Throughout their employment, Plaintiffs and other similarly-situated employees

regularly worked over forty hours per week.

99.    Nonetheless, Defendants failed to pay Plaintiffs and other similarly-situated

employees the overtime compensation at the applicable overtime rate for every hour Plaintiffs

and other similarly-situated employees worked in excess of forty hours, as required by the

NYLL.  NYLL § 650 et seq. and N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.3, as amended

effective January 1, 2011, by N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4 (2010), and as

amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.4 (2016).

100.    Said violations were not in good faith within the meaning of NYLL §§ 198.1-a and 663.

101.    Plaintiffs and other similarly-situated employees have been damaged in an amount as yet undetermined plus liquidated damages.

### FIFTH CAUSE OF ACTION (FLSA: KICKBACKS)

102.    Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

103.    The regulations promulgated under the FLSA provide that wages cannot be considered to have been paid unless they are paid finally and unconditionally and without a direct or indirect "kickback" to the employer.  29 U.S.C. § 201 et seq.; 29 C.F.R. § 531.35.

104.    An employer receives an indirect "kickback" when it requires employees to purchase tools of their trade which will be used in or are specifically required for the performance of their work.  29 C.F.R. § 531.35.

105.    Defendants regularly obtained kickbacks from Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia, Eugenio Luna Reyes, Vicente Galindo, and Alexander Hernandez Vicente and other similarly-situated employees by requiring them to purchase and maintain bicycles.

106.    Defendants' receipt of unlawful kickbacks from the wages of Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia, Eugenio Luna Reyes, Vicente Galindo, and Alexander Hernandez Vicente and other similarly-situated employees in violation of 29 U.S.C. § 201 et seq., and 29 C.F.R. § 531.35, further reduces their wages below the minimum

hourly wage in violation of the FLSA, 29 U.S.C. § 206(a) and applicable regulations, 29 C.F.R. § 531.35.

107.    Defendants' FLSA violations were willful within the meaning of 29 U.S.C. § 255(a).

108.    Plaintiffs Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia, Eugenio Luna Reyes, Vicente Galindo, and Alexander Hernandez Vicente and other similarly-situated employees have been damaged in an amount as yet undetermined plus liquidated damages.

### SIXTH CAUSE OF ACTION
### (N.Y. LAB LAW: UNLAWFUL DEDUCTIONS AND KICKBACKS)

109.    Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

110.    NYLL § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law or those made for the benefit of the employee which are expressly authorized in writing by the employee.    N.Y. Lab. Law §193(1).

111.    NYLL § 193(2) prohibits employers from making any charge against an employee's wages or requiring an employee to make any payment by separate transaction, unless such payment is a permitted deduction pursuant to § 193(1).    NYLL § 193(2).

112.    NYLL § 198-b prohibits Defendants from receiving "kickbacks" from Plaintiffs and other similarly-situated employees.    NYLL § 198-b.

113.    Title 12 of the Rules and Regulations of New York provides that the minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties

assigned by his employer.  N.Y. Comp. Codes R. & Regs tit. 12 § 137-2.5, as amended

effective January 1, 2011, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-2.7 (2010), and as

amended effective December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-2.7

(2016).

114.    In requiring Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia,

Eugenio Luna Reyes, Vicente Galindo, and Alexander Hernandez Vicente and other similarly-

situated employees to purchase and maintain bicycles as a condition of employment,

Defendants violated New York Labor Law §§ 193 and 198-b, and N.Y. Comp. Codes R. &

Regs. tit. 12, § 137-2.5, as amended effective January 1, 2011, by N.Y. Comp. Codes R. &

Regs tit. 12, § 146-2.7 (2010), and Defendants have further reduced their compensation below

the applicable minimum hourly wage in violation of NYLL § 652 and N.Y. Comp. Codes R.

& Regs. tit. 12, §§ 137-1.1 and 137-1.2, as amended effective January 1, 2011, by N.Y.

Comp. Codes R. & Regs tit. 12, §§ 146-1.1, 146-1.2 (2010), and as amended effective

December 31, 2016, by N.Y. Comp. Codes R. & Regs tit. 12, § 146-1.2 (2016).

115.    Said violations were not in good faith within the meaning of New York Labor

Law §§ 198.1-a and 663.

116.    Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia, Eugenio Luna

Reyes, Vicente Galindo, and Alexander Hernandez Vicente and other similarly-situated

employees have been damaged in an amount as yet undetermined plus liquidated damages.

## SEVENTH CAUSE OF ACTION (N.Y. LABOR LAW: FAILURE TO PROVIDE NOTICE AND WAGE STATEMENTS)

117.    Plaintiffs and other similarly-situated employees repeat and reallege all of the

paragraphs above.

118.     Defendants failed to provide to Plaintiffs and other similarly-situated employees'
wage and hour notices in English and Plaintiffs and other similarly-situated employees'
primary language, Spanish, at the beginning of their employment as required by NYLL §
195(1) and 195(3); N.Y. Comp. Codes R. & Regs. tit. 12 § 146-2.2.

119.     As a result of Defendants' violations of NYLL §§ 195(1) and (3), Plaintiffs and
other similarly-situated employees may recover damages of fifty dollars for each workweek
Defendants failed to provide Plaintiffs and other similarly-situated employees with a wage
notice, from April 2011 through February 5, 2015, and $50 per day thereafter, not to exceed a
total of five thousand dollars, and  one hundred dollars for each workweek for failure to
provide a wage statement in violation of NYLL § 195(3) from April 2011 through February 5,
2015, and $50 per day thereafter, not to exceed a total of five thousand dollars, together with
costs and reasonable attorney's fees in accordance with NYLL § 198.

## EIGHTH CAUSE OF ACTION
### (N.Y. LABOR LAW – SPREAD OF HOURS)

120.     Plaintiffs and other similarly-situated employees reallege and reincorporate by
reference all preceding paragraphs.

121.     Defendants failed to provide to Plaintiffs and other similarly-situated employees
an additional hour of pay for days in which Plaintiffs spread of hours exceeded ten, in
violation of the New York Labor Law. N.Y. Comp. Codes R. & Regs. tit. 12 § 146-1.6.

122.     As a result of Defendants' violations, Plaintiffs and other similarly-situated
employees are entitled to recover damages from Defendants for their unpaid spread of hours
wages, and additional amounts as liquidated damages, reasonable attorneys' fees, and the
costs of the action.

## NINTH CAUSE OF ACTION (UNJUST ENRICHMENT)

123.    Plaintiffs and other similarly-situated employees repeat and reallege all of the paragraphs above.

124.    Defendants have been unjustly enriched by withholding wages rightfully belonging to Plaintiffs in violation of the FLSA and New York Labor Law.

125.    Under equity and good conscience, Defendants must make restitution to Plaintiffs and other similarly-situated employees of those unlawfully withheld wages in an amount as yet undetermined plus damages.

## DEMAND FOR JURY TRIAL

126.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and other similarly-situated employees respectfully request the following relief:

(a)    Designating this action as a collective action and authorizing prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in this FLSA in this action.

(b)    A judgment declaring that each Defendant's conduct complained of herein violated Plaintiffs and other similarly-situated employees' rights guaranteed by the FLSA, the New York Labor Law, and associated regulations and orders;

(c)     An injunction against Defendants and any of their representatives from engaging in each of the unlawful practices, policies and patterns described in the causes of action set forth in this Complaint;

(d)     A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for compensation for unpaid minimum wage and overtime due each Plaintiffs and other similarly-situated employees under Sections 6 and 7 of the FLSA and an additional equal amount as liquidated damages;

(e)     A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for compensation for unpaid minimum wage and overtime due Plaintiffs and other similarly-situated employees under the New York Labor Law, and, as liquidated damages, an additional amount equal to 100% of the total monies due Plaintiffs and other similarly-situated employees;

(f)     A judgment for Plaintiffs Gelasio Espinobarros Galvez, Salvador Galvez Garcia, Eugenio Luna Reyes, Vicente Galindo, and Alexander Hernandez Vicente and other similarly-situated employees and against Defendants jointly and severally for unlawful deductions and kickbacks taken by Defendants, and an additional amount as liquidated damages;

(g)     A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for failure to pay spread of hours pay, and an additional amount as liquidated damages;

(h)     A judgment for Plaintiffs and other similarly-situated employees and against Defendants jointly and severally for fifty dollars for each workweek that Defendants failed to provide a Wage Notice in violation of NYLL § 195(1) from April 2011 through February 5, 2015, and $50 per day thereafter;

(i)      A judgment for Plaintiffs and other similarly-situated employees and against

Defendants jointly and severally for one hundred dollars for each workweek that Defendants

failed to provide a wage statement in violation of NYLL § 195(3) from April 2011 through

February 5, 2015, and $50 per day thereafter;

(j)      A judgment for Plaintiffs and other similarly-situated employees and against

Defendants jointly and severally for attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and

New York Labor Law §§ 198 and 663;

(k)      Pre-judgment and post-judgment interest; and

(l)      Such other and further relief that the Court deems just and proper.

Dated: New York, New York
       September 13, 2019

                                   Respectfully submitted,

                                    /s/ Hope Pordy
                                   Hope Pordy
                                   hpordy@spivaklipton.com
                                   Elizabeth Sprotzer
                                   esprotzer@spivaklipton.com
                                   SPIVAK LIPTON LLP
                                   1700 Broadway, 21st Floor
                                   New York, New York 10019
                                   Tel: (212) 765-2100
                                   Fax: (212) 765-8954
                                   *Attorneys for Plaintiffs*